IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SYNTHES, INC., et al.          :          CIVIL ACTION
                               :
          v.                   :
                               :
TY GORDON                      :
                               :          NO. 17-3385

MEMORANDUM

Bartle, J.                                October 16, 2017

        Plaintiffs Synthes, Inc., DePuy Orthopaedics, Inc.,
Synthes USA, LLC, DePuy Spine, LLC, and DePuy Synthes Sales,
Inc. bring this diversity action against former employee Ty
Gordon for breach of a Confidentiality, Non-Solicitation, and
Non-Competition Agreement.  Plaintiffs seek injunctive relief
and damages, as well as attorneys' fees and costs.  Before the
court is the motion of defendant to dismiss plaintiffs' amended
complaint under Rules 12(b)(1) and 12(b)(2) of the Federal Rules
of Civil Procedure, or in the alternative, to transfer venue
under 28 U.S.C. § 1404(a).

                               I.

        Under Rule 12(b)(1), a court must grant a motion to
dismiss if it lacks subject matter jurisdiction to hear a claim.
"A motion to dismiss for want of standing is . . . properly
brought pursuant to Rule 12(b)(1), because standing is a
jurisdictional matter."  In re Schering Plough Corp.

<u>Intron/Temodar Consumer Class Action</u>, 678 F.3d 235, 243 (3d Cir. 2012) (quoting <u>Ballentine v. United States</u>, 486 F.3d 806, 810 (3d Cir. 2007)).  In evaluating a Rule 12(b)(1) motion, a court must first determine whether the movant presents a facial or factual attack.  <u>Id.</u>  In reviewing a facial challenge, which contests the sufficiency of the pleadings, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff."  <u>Id.</u> (quoting <u>Gould Elec. Inc. v. United States</u>, 220 F.3d 169, 176 (3d Cir. 2000)).  In contrast, when considering a factual attack the court may weigh and consider evidence outside the pleadings.  <u>Constitution Party of Pa. v. Aichele</u>, 757 F.3d 347, 358 (3d Cir. 2014).  Because no answer to the amended complaint has been filed, we construe defendant's motion as a facial attack.  <u>Id.</u>

Rule 12(b)(2) directs the court to dismiss a case when the court lacks personal jurisdiction over the defendant.  When reviewing a motion to dismiss pursuant to Rule 12(b)(2), a court must accept as true all allegations of jurisdictional fact made by plaintiff and resolve all factual disputes in plaintiff's favor.  <u>Metcalfe v. Renaissance Marine, Inc.</u>, 566 F.3d 324, 330-31 (3d Cir. 2009).  Once a jurisdictional defense has been raised, the plaintiff bears the burden of establishing the court's jurisdiction over the defendant.  <u>Id.</u>

We first turn to the factual allegations as set forth in the amended complaint.  Plaintiffs are a group of affiliated entities that design, manufacture, and sell medical devices, including instrumentation and implants for use in orthopaedic surgeries for broken bones, joint reconstruction and replacement, and spinal and facial surgery.  On or about November 13, 2007, Synthes hired defendant as a territory assistant in the Jacksonville, Florida area, with principal responsibility for Synthes' trauma products.  Gordon was promoted to sales consultant on or about December 19, 2009.

At the time of his initial hiring in 2007, defendant executed a Confidentiality, Non-Solicitation and Non-Competition Agreement ("2007 Agreement") with Synthes (U.S.A.).[1]  Thereafter, defendant executed a second Confidentiality, Non-Solicitation and Non-Competition Agreement ("2009 Agreement") in consideration of his promotion to Sales Consultant.  The counter-signatory to that Agreement was Synthes USA Sales, LLC, which subsequently assigned its rights under the contract to plaintiff DePuy Synthes Sales, Inc.

Under the 2009 Agreement, Gordon was prohibited from using or disclosing to third parties certain confidential

---

1.  Plaintiffs' counsel has advised the Court that plaintiffs are not proceeding under the 2007 Agreement.

information of Synthes both during and after his employment.  He
also agreed that he would not solicit, contact, or provide
services to several enumerated categories of current or
prospective customers of Synthes for a period of twelve months
following termination of his employment.

Defendant resigned from Synthes on or about May 29,
2017 to accept a sales representative position with Stryker, a
competitor of Synthes.  Plaintiffs allege that since at least
June 2017, defendant has violated the 2009 Agreement by
contacting and providing services to his former Synthes hospital
accounts on behalf of Stryker.  On July 28, 2017, plaintiffs
filed a one-count complaint against defendant seeking, as noted
above, injunctive relief and damages for breach of contract.
Thereafter, plaintiffs filed a verified amended complaint with
substantially similar allegations to the original complaint.
Plaintiffs have also moved for a preliminary injunction and for
expedited discovery.  In turn, defendant filed this motion to
dismiss the amended complaint.

III.

Defendant first asserts that the amended complaint
should be dismissed for lack of subject matter jurisdiction
under Rule 12(b)(1) because plaintiffs lack standing to bring
this action.  The gravamen of defendant's argument is that the
only plaintiff with rights to enforce the 2009 Agreement is

-4-

DePuy Synthes Sales, Inc., pursuant to the assignment of rights from Synthes USA Sales, LLC. According to defendant, DePuy Synthes Sales, Inc. lacks standing to bring this action because it does not make or sell any products, and therefore does not have any business with which defendant can compete.

To assess defendant's arguments, we begin with the language of the 2009 Agreement itself. That Agreement defines "Synthes" broadly as:

> Synthes USA Sales, LLC, its members, and its and their parents, affiliates, subsidiaries, divisions, and related companies or entities, and their respective predecessors, successors and assigns, now existing or hereafter created, including, but not limited to Synthes Inc., Synthes USA HQ, Inc., Synthes USA Products, LLC, Synthes USA, LLC and Norian Corporation (collectively referred to herein as "Synthes").

The 2009 Agreement also contains a third party beneficiary clause:

> I acknowledge that this Confidentiality, Non-Solicitation and Non-Competition Agreement is intended to benefit Synthes USA Sales, LLC, its members, and its and their parents, affiliates, subsidiaries, divisions, and related companies or entities, now existing or hereafter created, including but not limited to Synthes, Inc., Synthes USA HQ, Inc., Synthes USA Products, LLC, Synthes USA, LLC and Norian Corporation. I further acknowledge that the intended beneficiaries of this Confidentiality, Non-Solicitation and Non-Competition Agreement are entitled to enforce the provisions of this agreement by seeking injunctive relief or any other appropriate remedy.

Most significantly, the 2009 Agreement contains an assignment clause:

I agree that Synthes USA Sales, LLC may assign all or part of this Agreement to any direct or indirect parent, affiliate, subsidiary, division, related company or entity of Synthes USA Sales, LLC and to any transferee of substantially all of the assets of Synthes USA Sales, LLC and that any assignee shall have the same rights as Synthes USA Sales, LLC.

As discussed above, defendant acknowledges that the 2009 Agreement was assigned to plaintiff DePuy Synthes Sales, Inc.  Defendant consented to this assignment through his execution of the 2009 Agreement and, contrary to defendant's assertion, this clause does not require prior notice to the employee.  Under the assignment clause, "any assignee shall have the same rights as Synthes USA Sales, LLC," the entity with which defendant executed the 2009 Agreement.  Defendant does not contend that DePuy Synthes Sales, Inc. is not an affiliate of Synthes USA Sales, LLC.  Thus even if DePuy Synthes Sales, Inc. makes or sells no products, defendant's argument that no standing exists fails.[2]  Each of plaintiffs is encompassed within the broad definition of "Synthes" as well as the third party beneficiary clause of the 2009 Agreement.  Accordingly, we find that plaintiffs have standing to bring this action and will deny defendant's motion to dismiss under Rule 12(b)(1).

_____

2.  Plaintiffs challenge defendant's characterization of the business of DePuy Synthes Sales, Inc.  Because this evidence is irrelevant under the language of the 2009 Agreement, we need not resolve this dispute and therefore consider this motion as a facial, rather than factual, attack under Rule 12(b)(1).

IV.

We turn next to defendant's motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2). The 2009 Agreement contains a choice of law and forum clause, which states: "I agree that this agreement shall exclusively be enforced by any federal or state court of competent jurisdiction in the Commonwealth of Pennsylvania and hereby consent to the personal jurisdiction of these courts."

It is well-established that personal jurisdiction is waivable. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 n.14 (1985); In re Howmedica Osteonics Corp., 867 F.3d 390, 398 n.3 (3d Cir. 2017). A defendant may consent to personal jurisdiction, and thereby waive his or her right to challenge such jurisdiction in subsequent litigation through the execution of a valid forum selection clause. Burger King, 471 U.S. at 472 n.14; SKF USA Inc. v. Okkerse, 992 F. Supp. 2d 432, 441–42 (E.D. Pa. 2014). Forum selection clauses are prima facie valid and should be enforced unless shown to be unreasonable under the circumstances. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10, 15 (1972); Foster v. Chesapeake Ins. Co., 933 F.2d 1207, 1219 (3d Cir. 1991); see also Atlantic Marine Const. Co. v. U.S. Dist. Ct., 134 S. Ct. 568, 583 (2013).

As discussed above, we find that plaintiffs have standing to enforce the provisions of the 2009 Agreement. Aside

from his standing arguments, defendant has not offered any other reason why the forum selection clause in the 2009 Agreement should not be enforced.  In the face of a valid and enforceable forum selection clause, we need not analyze the defendant's contacts with the forum to determine jurisdiction.  See SKF USA Inc., 992 F. Supp. 2d at 443.  We therefore conclude that this court has personal jurisdiction over defendant and deny his motion to dismiss under Rule 12(b)(2).

V.

Finally we turn to the defendant's motion to transfer this action to a different venue, namely to the Middle District of Florida where the defendant resides and worked for Synthes. Under 28 U.S.C. § 1404(a), a defendant may move for "the convenience of parties and witnesses" and "in the interest of justice" for a transfer to another district where the action might have been brought.  In considering a motion under § 1404(a), a court must weigh a variety of private and public interests to determine whether transfer is appropriate.  See Jumara v. State  Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).

However, where contracting parties have specified the forum in which they will litigate disputes arising from their contract, federal courts must honor the forum selection clause relating to venue "[i]n all but the most unusual cases." Atlantic Marine Const. Co., 134 S. Ct. at 583.  As the Supreme

Court in <u>Atlantic Marine Construction Co. v. U.S. District Court</u> explained:

> When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum. . . .
>
> As a consequence, a district court may consider arguments about public-interest factors only. Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases.

134 S. Ct. at 582. The public interest factors to be considered under <u>Atlantic Marine</u> include: (1) "the enforceability of the judgment"; (2) "the relative administrative difficulty in the two fora resulting from court congestion"; (3) "the local interest in deciding local controversies at home"; (4) "the public policies of the fora"; and (5) "the familiarity of the trial judge with the applicable state law in diversity cases." <u>In re Howmedica</u>, 867 F.3d at 402 (quoting <u>Jumara</u>, 55 F.3d at 879).

As discussed above, the 2009 Agreement contains a forum selection clause providing it "shall exclusively be enforced" in Pennsylvania. As a result, defendant has waived his right to challenge venue here based on private interests. <u>See</u> <u>Atlantic Marine Const. Co.</u>, 134 S. Ct. at 582. Defendant's assertion that there is a public interest in deciding this

controversy "at home" in Florida, without more, does not meet his burden to demonstrate that the public interest factors "overwhelmingly" weigh in favor of transfer. See Atlantic Marine Const. Co., 134 S. Ct. at 583. Moreover, we find that Pennsylvania has an interest in enforcing a voluntarily negotiated contract such as the one involved here that explicitly designates the application of Pennsylvania law. See SKF USA Inc., 992 F. Supp. 2d at 441. We therefore will uphold the forum selection clause to which the parties assented in the 2009 Agreement and will deny defendant's motion to transfer under 28 U.S.C. § 1404(a).